No. 205

First Circuit

---

UPPER CITY TIRE CO., INC., v. JONES

---

(February 15, 1928. Opinion and Decree.)
(April 11, 1928. Rehearing granted restricted to claim in reconvention.)
(December 4, 1928. Opinion and Decree on Rehearing.)

---

*Milling, Godchaux, Saal & Milling, of New Orleans, and Chappuis & Chappuis, of Crowley, attorneys for plaintiff, appellee.

Philip S. Pugh, of Crowley, attorney for defendant, appellant.

MOUTON, J. Plaintiff sues defendant for the price of auto tires, tubes, etc., amounting to $213.30, with legal interest from judicial demand, for which he recovered judgment. Defendant appeals. These automobile accessories were bought by defendant through one Kirby, salesman for plaintiff company.

The defendant alleges that all these tires and tubes were defective, rotten and worthless. He avers that he returned six Batavia tires and fifty Exton tubes to plaintiff on or about July 21st or 22nd, 1926, and eight tires on August 28, 1926; that he delivered twenty-one tires to Kirby who took them in an automobile, promising to ship to defendant in lieu thereof seven Phelps tires and fourteen Exton tires, but that they never were replaced by plaintiff. He also evers that he shipped eight tires to the Crescent Tire Company of New Orleans. These shipments, he alleges, were done under the advice or instructions of Kirby.

Grundy, president of plaintiff company, says that the tires and tubes defendant claims to have returned August 28, 1926, were never received by his company; nor the twenty-one, defendant says were loaded in Kirby's auto, and eight he claims to have shipped to the Crescent Tire Company of New Orleans. There is nothing to show that the twenty-one tires turned over to Kirby were ever returned to plaintiff, or that Kirby, who was a mere salesman of plaintiff, had any authority to make such an adjustment. The proof offered by defendant also fails to sustain his contention that on August 28th, he returned the eight tires above referred to.

Defendant contends he should recover $81.00 which plaintiff received by draft from him for six Batavia tires that were defective and worthless. These tires are not charged to defendant and he is not

entitled to any credit therefor.

LECHE, J., dissents, being of the opinion that the judgment of the District Court should be affirmed in whole.

---

## ON REHEARING

MOUTON, J. The rehearing was granted restricted to the claim by defendant for eighty-one dollars, in reconvention.

Defendant sent a check for that amount to plaintiff for six Batavia Tires. The check was collected by plaintiff.

It is shown by the testimony of defendant and Hartwell that the tires were rotten, and worthless, and that they were returned by defendant to plaintiff.

Plaintiff's domicile is in New Orleans, and defendant resides in Acadia, in a Parish different from that of plaintiff which entitled him to urge his claim in reconvention against plaintiff for any cause, although not connected or incidental to the main demand. C. P. 375.

As the tires were rotten and without value, defendant is entitled to the recovery of the eighty-one dollars paid plaintiff therefor.

It is therefore ordered, adjudged and decreed that the judgment appealed from denying the reconventional demand of defendant for eighty-one dollars for said tires be avoided and reversed; and in that respect our original judgment affirming the judgment below be likewise avoided and annulled.

It is now further ordered and decreed that defendant have judgment against plaintiff on his reconventional demand for the sum of eighty-one dollars, with five per cent per annum interest thereon from October 1, 1926, until paid; that plaintiff paid the cost of the reconventional demand, the cost of the main demand be paid by defendant; and, as thus amended, the judgment below be affirmed, and the judgment of this Court be accordingly amended.